**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALLIANCE FOR RECREATIONAL CANNABIS ENTITIES LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:24-cv-3164-ACR** |
| **DISTRICT OF COLUMBIA** *et al.*, | |
| **Defendants.** | |

### JOINT PROPOSED BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In compliance with this Court's Order of December 12, 2024, Plaintiff Alliance for Recreational Cannabis Entities, LLC (ARCE) and Defendants District of Columbia, Mayor Muriel Bowser, Attorney General Brian Schwalb, Alcoholic Beverage and Cannabis Administration Director Fred Moosally, Department of Licensing and Consumer Protection Director Tiffany Crowe, and Metropolitan Police Department Chief Pamela Smith (collectively, the District) hereby submit a proposed briefing schedule for Plaintiff's Motion for Preliminary Injunction, [6]. The Parties have conferred but submit separate proposals.

### DEFENDANTS' PROPOSAL

Defendants wish first to inform the Court that there are five more similar lawsuits currently pending in the Superior Court for the District of Columbia. The Plaintiffs in three of those lawsuits are represented by the same attorney as the Plaintiff here, and in each of those cases there is also a motion for preliminary relief pending that is very similar to the one pending here. Defendants anticipate removing those cases from the Superior Court to federal court this week and further designating them as related to this matter. The other two suits presently in

Superior Court also raise essentially the same claims against the same defendants as those raised here, but the plaintiffs are represented by a different attorney and there are no motions for preliminary relief pending. Defendants are still considering whether to remove those two cases; if they are removed, Defendants anticipate they would also be considered related to this case. Finally, there are multiple related proceedings pending before administrative bodies, and at least one related appeal pending before the Court of Appeals for the District of Columbia.

In light of the many moving pieces; the assertion of a dozen distinct constitutional and statutory claims in the motion; the need to investigate and respond to facts and law asserted in four motions for preliminary relief; existing obligations in other matters; and leaves planned for the upcoming winter holidays (by both clients and counsel), Defendants request six weeks to respond to Plaintiff's motion, that is until January 24, 2025. Defendants further intend to seek leave to respond on the same schedule to any similar motions filed or re-filed in other similar cases that will be removed to federal court, and, if those cases indeed come before this Court, leave to consolidate at least the briefing on such motions.

Plaintiff will not be prejudiced by this proposal. Plaintiff ARCE is "an alliance representing the recreational cannabis entities in the District of Columbia, Maryland, and Virginia," with seven member companies. Compl., [1] ¶ 6. Nothing in the Motion suggests that ARCE itself has or will suffer any injury at all—let alone a great, immediate and irreparable one—as a result of the violations alleged in the Complaint. *See generally* Motion. Its seven members are not identified and the Motion does not explain with specificity, or support with any evidence, which of its members face imminent irreparable harm or how or why. *See generally* Motion. "Nor does the alleged deprivation of a constitutional right [alone] constitute irreparable harm." *Hanson v. District of Columbia*, 120 F.4th 223, 244 (D.C. Cir. 2024). "Rather, a

plaintiff must show why the court will be unable to grant meaningful relief following trial." *Id.* Plaintiff has made no such showing here, thus it appears it will suffer no prejudice as a result of the requested extension (nor will it succeed in its Motion).

For all of these reasons, Defendants request the Court set a deadline of January 24, 2025 for them to respond to Plaintiff's Motion. Defendants propose Plaintiff should have three weeks thereafter to reply in support of the Motion, that is until February 14, 2025.

## PLAINTIFF'S PROPOSAL

Plaintiff respectfully requests that the Court adopt a more expeditious briefing schedule, setting January 13, 2025, as the deadline for Defendants' opposition to Plaintiff's Motion for Preliminary Injunction, and February 10, 2025, as the deadline for Plaintiff's reply. This schedule reasonably extends the time beyond that is provided for in Local Civil Rule 65.1, while preventing undue delays that would risk ongoing and irreparable harm to Plaintiff's members.

Defendants urge the Court to consider their plans to remove other similar cases from D.C. Superior Court and to potentially consolidate them with this matter. Whether those removals will occur or survive challenge is, at best, uncertain. The Court should not delay this case based on hypothetical future proceedings that may never properly come before it. The issues presently before the Court warrant timely resolution on their own merits, independent of Defendants' speculative litigation strategies elsewhere.

Defendants' removal strategy of cases currently not before this Court should not be calculated in the Court's briefing schedule analysis. Although Defendants' may in fact file Notices of Removal in those case it is not a foregone conclusion that the removals will remain in effect and that those cases will not be remanded. Additionally, Defendants have the staff and resources to work on more than one matter. So, it does not flow logically that Defendants'

strategy to remove Superior Court cases to District Court and then consolidate those cases with this instant matter should allot them more time to respond to Plaintiff's motion for preliminary injunction in this case. The Plaintiffs in the Superior Court cases will challenge Defendants' removal strategy based upon principle of judicial economy, the doctrine of constitutional avoidance, and the expertise of the local courts which have already issued opinions around D.C. Code § 48-904.01, which is a statute at issue in the Superior Court cases. The Plaintiffs in the Superior Court cases will also challenge removal based upon the pending preliminary hearings in the Superior Court and that consolidation would prejudice the Superior Court Plaintiffs because they have claims that are substantially different than those claims of Plaintiff ARCE. As the government stated there are too many "moving pieces" and the consideration of legal strategies extraneous to Plaintiff's Motion for Preliminary Injunction will unduly delay a decision of the Plaintiff's motion.

Plaintiff's assertion of irreparable harm is not purely theoretical. As a threshold matter, Plaintiff, representing its aggrieved members, has standing to seek preliminary injunction. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656 (1993) (upholding preliminary injunction issued in favor of the membership organization even when some members benefited from the enjoined city ordinance); *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305 (D.C. Cir. 1987) (upholding the issuance of preliminary injunction in favor of a membership federation after finding irreparable harm to federation's members and rejecting the government's request for "specific evidence").

Plaintiff's members will face irreparable harm if a preliminary injunction is not issued expeditiously. Two of Plaintiff's member businesses were already summarily closed and shattered by the ABC Board among other Defendants. *See generally* Motion. One business was

padlocked by the ABC Board on November 14, 2024, and the other business was summarily

closed by the Board on November 26, 2024. Their business' "destruction[s] in [their] current

form" commonly should qualify as irreparable harm. *Washington Metro. Area Transit Comm'n v.*

*Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977).

Additionally, the ABC Board is in recess until January 8, 2025, and there is a substantial

likelihood that the ABC Board will resume issuing fines, cease-and-desist orders, and summary

closure orders after recess. Therefore, a January 13, 2025 deadline for the government will allow

for an expeditious resolution to the preliminary injunction while minimizing the risk of further

unconstitutional fines and orders. It will also preserve ample time for the government to conduct

its investigations and prepare its opposition brief.

Generally, pursuant to LCvR 65.1 an opposition to an application for a preliminary

injunction must be served and filed within seven days after service of the application. The Court

in its Minute Order designated that the briefing schedule should be set for after January 10, 2024,

which granted the government a minimum of thirty (30) days to file an opposition motion which

exceeds the LCvR 65.1 by twenty-three (23) days, and Plaintiff's briefing proposal adds three (3)

additional days, thus the government has twenty-six (26) days. So, Defendants essentially have a

month to respond to Plaintiff's motion of preliminary hearing and Plaintiff contends that this is a

generous amount of time to prepare an opposition brief.

The Defendants request six weeks to respond, yet Local Civil Rule 65.1 typically

contemplates an opposition to a preliminary injunction within seven days. Even under Plaintiff's

current proposal, Defendants would have approximately 30 days—more than four times the

standard rule—to prepare their response. This timeframe is both fair and generous. Notably, in a

recent analogous case in the D.C. Superior Court, Defendants successfully prepared an

opposition to a similar motion in just fourteen days. In *Capitol Hemp, LLC, et al. v. Alcoholic Beverage and Cannabis Administration, et al*. case number 2024-CAB-006679, the Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction on October 23, 2024 and the government filed its response motion with exhibits on November 5, 2024. In that case the government filed an opposition to a motion for temporary restraining order and preliminary injunction in just fourteen (14) days. Here, Defendants will enjoy ample additional time.

While Plaintiff recognizes that the upcoming holidays and other obligations may affect Defendants' preparation time, those considerations do not justify more than a month's delay. Plaintiff's schedule respects the need for additional time, yet preserves the ability of the Court to consider and resolve the urgent issues in this case before irreparable harm continues or worsens.

For all these reasons set forth above, Plaintiff's proposed schedule—an opposition due by January 13, 2025, and a reply by February 10, 2025—strikes a fair balance. It significantly extends beyond the typical Local Rule 65.1 timeframe, grants Defendants ample opportunity to prepare their opposition, and ensures that the Court can address the urgent matters at hand without undue delay. Additionally, Plaintiff's respectfully requests an oral hearing on Plaintiff's Motion for Preliminary Injunction.

Date: December 16, 2024.                          Respectfully Submitted,

                                                 BRIAN L. SCHWALB
                                                 Attorney General for the District of Columbia

                                                 STEPHANIE E. LITOS
                                                 Deputy Attorney General
                                                 Civil Litigation Division

                                                 */s/ Matthew R. Blecher*
                                                 MATTHEW R. BLECHER [1012957]
                                                 Chief, Equity Section, Civil Litigation Division

                                                 */s/ Honey Morton*

HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Mateya B. Kelley*

DAVID R. WASSERSTEIN [1736006]
HELEN M. RAVE [90003876]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 442-9784
Email: Mateya.kelley@dc.gov

*Counsel for Defendants*

/s/ Kevin Murray
Kevin Murray,
Managing Member of
Alliance of Recreational Cannabis Entities,
LLC

/s/Jacobie Whitley
Jacobie Whitley, Esq. (DC Bar #1500314)
Law Office of Jacobie K Whitley, PLLC
1455 Pennsylvania Avenue NW
Suite 400
Washington, DC 20004
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIANCE FOR RECREATIONAL CANNABIS ENTITIES LLC,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**DISTRICT OF COLUMBIA** *et al.*,<br><br>    **Defendants.** | **Civil Action No. 1:24-cv-3164-ACR** |

### ORDER

Upon consideration of the Parties' proposed briefing schedules for the Plaintiff's Motion for Preliminary Injunction [6], and the entire record, it is:

**ORDERED** that Defendants shall respond to the Motion on or before January ____ , 2025;

**ORDERED** that Plaintiff shall have until February _____, 2025 to reply.

**SO ORDERED**.

Dated: _____     _____
                             THE HONORABLE ANNA C. REYES
                             Judge, United States District Court
                             for the District of Columbia