UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance of Recreational Cannabis Entities, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:24-cv-03164 |
| | ) Related Case Nos.: 1:24-cv-03532 |
| v. | )                         1:24-cv-03536 |
| | )                         1:24-cv-03537 |
| DISTRICT OF COLUMBIA, et al. | )                         1:24-cv-03538 |
| | )                         1:24-cv-03539 |
| Defendants. | ) |
| | ) Judge: Hon. Ana C. Reyes |

**PLAINTIFFS' OMNIBUS MOTION TO ABSTAIN FROM EXERCISING JURISDICTION AND TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

Plaintiffs, Alliance of Recreational Cannabis Entities and other similarly situated parties (collectively referred to as "Plaintiffs"), respectfully submit this Omnibus Motion to Abstain from Exercising Jurisdiction and to Remand this matter to the Superior Court of the District of Columbia.

### INTRODUCTION

Plaintiffs, Alliance of Recreational Cannabis Entities (ARCE) and other similarly situated parties (collectively referred to as "Plaintiffs"), respectfully submit this Omnibus Motion to Abstain from Exercising Jurisdiction and to Remand this matter to the Superior Court of the District of Columbia. Plaintiffs assert that the predominant issues in this case involve complex and unsettled questions of local D.C. cannabis law, and that this Court should abstain from exercising jurisdiction under the doctrines articulated in *Pullman and Burford*. *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496 (1941), *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943).

### FACTUAL BACKGROUND

Plaintiffs' claims primarily concern the enforcement of the District of Columbia's cannabis regulations. Plaintiffs allege that actions taken by District officials have harmed their business operations. Central to this dispute is the interpretation of the D.C. Code §§ 48-904.01; 7-1671.01; 7-1671.06b; 7-1671.08; and 7-1671.12a and related local regulatory provisions.

Although federal law classifies cannabis as a Schedule I controlled substance under the Controlled Substances Act ("CSA"), the District of Columbia has sought to legalize cannabis in a manner consistent with local voter preferences. However, the District's ability to implement a regulatory framework for recreational cannabis has been blocked by Congress through the appropriations process. The Harris Rider, named after Representative Andy Harris (R-MD), has appeared in annual federal budgets since 2014 and prohibits the District from using funds to enact or enforce any law that would legalize or regulate recreational cannabis sales. Plaintiffs contend that this federal restriction underscores the need for local courts to interpret and enforce the District's cannabis laws.

## LEGAL STANDARD

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Case law reflects a doctrine of abstention is appropriate where the federal courts, "exercising a wise discretion," restrain their authority because of "scrupulous regard for the rightful independence of the state governments" and for the smooth working of the federal judiciary. *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 501 (1941) (other citations omitted). This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers. *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. at 501.

Courts also recognize the "Burford doctrine." Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989).

The test for pendent jurisdiction is a two-part test: (1) did the trial court have power to hear the pendent claim, and (2) should the court have exercised its discretion to hear the pendent claim. *D.C. Common Cause v. District of Columbia*, 858 F.2d 1, 10 (D.C. Cir. 1988).

## LEGAL ARGUMENT

### I. THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION PURSUANT TO THE PULLMAN AND BURFORD DOCTRINES

Federal courts should abstain from adjudicating cases that require the interpretation of unresolved state or local law issues. This case presents circumstances warranting both Pullman and Burford abstention.

**A. Pullman Abstention**

Under the Pullman doctrine, federal courts should abstain from deciding cases involving sensitive state or local law issues that, once clarified, could render any federal constitutional question moot. See , 312 U.S. at 501. Here, Plaintiffs' claims necessitate an interpretation of evolving D.C. cannabis laws. Resolving these unsettled questions of local law in the Superior

Court of the District of Columbia could obviate the need for this Court to address any federal constitutional claims.

Here, the central issue is the interpretation of local cannabis legalization laws which predominate the federal constitutional questions because the federal questions revolve around cannabis. The Seventh Amendment right to jury trial issue is not directly related to cannabis but involves the Alcoholic Beverage and Cannabis Administration which governs cannabis enforcement and adjudication. It is clear that the cannabis laws in the District of Columbia are part of a novel and unsettled area of local law. As such the federal courts do have local law on which they can defer. Moreover, Plaintiff's federal constitutional questions may be moot in federal court because cannabis is federally illegal under the Controlled Substance Act so Plaintiffs cannot claim a legal right to engage in cannabis-related activity and this may not be a controversy because the Court cannot issue a meaningful remedy under Article III, Section 2 of the U.S. Constitution.

For the foregoing reasons the this should abstain from deciding the cases at bar.

**B. Burford Abstention**

The Burford doctrine supports abstention when a case involves complex local regulatory issues that are best adjudicated by local courts or agencies. *Burford v. Sun Oil Co.*, 319 U.S. 315, 332-333 (1943). In *Burford* the case revolved around permitting the drilling and operation of oil wells and due to complex local regulatory issues the Court found that "respect for the independence of state action require[d] the federal equity court to stay its hand." *Burford v. Sun Oil* Co., 319 U.S. at 334 (1943). The District's cannabis regulatory framework is intricate and evolving. Federal court intervention would disrupt local governance and administrative processes, undermining the District's authority to manage its cannabis policies. The District, by

decriminalizing recreational cannabis and creating a medical cannabis marketplace, is clear the District through a combination of the Tenth Amendment, the Anti-Commandeering Doctrine, and the D.C. Home Rule Act, has chosen not to follow the CSA and the federal prohibition of cannabis.

Moreover as in *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar or the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. at 361. The interpretation of the District's cannabis legislation is unsettled law; the laws are novel of their first impression before local court; and the laws are complex and contradictory. This favors the Plaintiffs' position that the interpretation of the District's cannabis laws should be decided by the local courts. Secondly, the exercise of federal review would be disruptive to the District and its residents and businesses that are looking to establish certainty and clarity regarding cannabis policy, which are a matter of substantial public concern in the District.

Thus, this Court should use its discretion to respect the rightful independence of the District of Columbia and abstain from deciding the cases at bar.

## II. THE DISTRICT OF COLUMBIA HAS THE CONSTITUTIONAL AUTHORITY TO REGULATE CANNABIS UNDER THE TENTH AMENDMENT AND THE ANTI-COMMANDEERING DOCTRINE

The regulation of cannabis within the District of Columbia falls squarely within the purview of the Tenth Amendment, which reserves powers not delegated to the federal government to the states and localities. See U.S. Const. Amend. X. The Anti-Commandeering

Doctrine, as articulated in *New York v. United States*, and *Murphy v. NCAA*, , prohibits the federal government from compelling states or localities to enforce federal law. *New York v. United States*, 505 U.S. 144, 161 (1992), *Murphy v. NCAA*, 138 S. Ct. 1461, 1477 (2018).

The District's decision to allow both medical and recreational cannabis use is a legitimate exercise of its sovereign authority under the Tenth Amendment. However, the District's ability to enact a comprehensive regulatory framework for recreational cannabis has been hampered by the Harris Rider. This Congressional interference underscores the need for abstention and remand to allow the local courts to address these complex legal issues. The "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

### III. DISTINCTION OF ARCE CASE FROM OTHER PLAINTIFFS

The complaint filed by the Alliance of Recreational Cannabis Entities (ARCE) differs from the other consolidated cases because it was originally brought in this Court. While remand is not applicable to the ARCE complaint, the abstention doctrines remain relevant. This Court should abstain from exercising jurisdiction over the ARCE case under both Pullman and Burford abstention principles. The constitutional claims raised by ARCE are ancillary to the predominant local law issues concerning the District's cannabis policies. In *Colorado River Water Conservation District v. United States*, the Supreme Court recognized that federal courts may abstain from exercising jurisdiction even in cases properly filed in federal court when doing so would promote wise judicial administration and respect for state sovereignty. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

For the foregoing reasons the Court should abstain for deciding on the matter ARCE v. District of Columbia, et al.

**IV. REMAND IS APPROPRIATE FOR ALL CASES EXCEPT THE ARCE COMPLAINT**

For the cases originally filed in D.C. Superior Court, remand is appropriate under 28 U.S.C. § 1447(c). If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed. A federal court should decline supplemental jurisdiction if the claim raises a novel or complex issue of state law or the state claim substantially predominates over the federal claim. 28 U. S. C. § 1447(c). 28 U.S.C. § 1367(c). Both apply here. Plaintiffs all raise a novel and complex issues of local cannabis law that remains unsettled by the local courts. All of Plaintiffs' cannabis related claims are issues of first impression before the local courts. Secondly, the local cannabis law predominates the federal claims. The constitutional claims are peripheral to the interpretation of the District laws related to cannabis. Plaintiffs Seventh Amendment may be separate, but still the District's cannabis agency.

The local law issues surrounding recreational and medical cannabis are so important and so unsettled that the Court should decline to exercise pendent jurisdiction. However, the test for pendent jurisdiction is a two-part test: (1) did the trial court have power to hear the pendent claim, and (2) should the court have exercised its discretion to hear the pendent claim. *D.C. Common Cause v. District of Columbia*, 858 F.2d 1, 10 (D.C. Cir. 1988).

Here, Plaintiffs believe their constitutional claims are non-frivolous federal questions and state claims that derive from a common nucleus of operative fact. However, because cannabis transfers and legalization are also predominating facts in that common nucleus of operative fact, this Court might not find a controversy due to the federal prohibition on cannabis. Accordingly, it is questionable whether this Court has the power to hear the pendent claim.

Additionally, since the local law issues surrounding recreational and medical cannabis are so important and so unsettled, this Court may use its discretion to decline to exercise pendent jurisdiction. Thus, it is questionable whether this Court should exercise pendent jurisdiction over the pendent claim.

Thus, the Court should decline supplemental jurisdiction and remand Case Nos. 1:24-cv-03532; 1:24-cv-0353; 1:24-cv-03536; 1:24-cv-03537; 1:24-cv-03538; and 1:24-cv-03539.  In contrast, the ARCE case, which was initiated in this Court, is subject to abstention but not remand. However, in the alternative could sever the federal claims from the local claims Plaintiffs' request a partial remand of the local claims

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court abstain from exercising jurisdiction over all consolidated cases. Plaintiffs further request that the Court to partially or fully remand the cases originally filed in the Superior Court of the District of Columbia, with the exception of the ARCE complaint, which remains subject to abstention principles.

Date: January 9, 2024                                        Respectfully submitted,

/s/Jacobie Whitley, Esq.
Law Office of Jacobie K. Whitley, PLLC
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Phone: (2020 499-2403
jwhitley@lawofficeofjkw.com
*Counsel for Plaintiffs*

/s/Lev Ivan Gabriel Iwashko
Lev Ivan Gabriel Iwashko, Esq.
DC Bar No. 1022054
The Iwashko Law Firm, PLLC
1250 Connecticut Ave., Suite 700

Washington, DC 20036<br>
(202)441-5043<br>
Lev@iwashkoLaw.com<br>
Leviwashko@gmail.com

*Counsel for Plaintiffs*

## LCvR 7(m) CERTIFICATION

I hereby certify that on this 8th day of January 2025, Plaintiffs' counsel sent emails to counsel for Defendants District of Columbia Counsel and Councilmember Kenyan McDuffie replied on January 9, 2025, and opposed the relief sought Plaintiffs' Omnibus Motion to Abstain From Exercising Jurisdiction and to Remand to the Superior Court of the District of Columbia [14]. On January 8, 2025, Plaintiff counsel sent emails to counsel for Defendants District of Columbia, Mayor Muriel Bowser, Office of the Mayor of the District of Columbia, Attorney General Brian Schwalb, Office of the Attorney General of the District of Columbia, Alcoholic Beverage and Cannabis Administration Director Fred Moosally, Alcoholic Beverage and Cannabis Administration, Department of Licensing and Consumer Protection Director Tiffany Crowe, Department of Licensing and Consumer Protection, Metropolitan Police Department Chief Pamela Smith, and the Metropolitan Police Department, who replied on January 9, 2025 and opposed the relief sought in Plaintiffs' Omnibus Motion to Abstain From Exercising Jurisdiction and to Remand to the Superior Court of the District of Columbia. [14]

/s/ Jacobie Whitley  
Jacobie Whitley, Esq.

/s/ Lev Ivan Gabriel Iwashko  
Lev Ivan Gabriel Iwashko, Esq.

## **CERTIFICATE OF SERVICE**

We hereby certify that on January 9, 2025, a copy of the foregoing Omnibus Motion to Abstain from Exercising Jurisdiction and to Remand to the Superior Court of the District of Columbia was served on all counsel of record via the Court's electronic filing system.

/s/ Jacobie Whitley
Jacobie Whitley, Esq.

/s/ Lev Ivan Gabriel Iwashko
Lev Ivan Gabriel Iwashko, Esq.
