# EXHIBIT 2

# THE DISTRICT OF COLUMBIA
## ALCOHOLIC BEVERAGE AND CANNABIS BOARD

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| The Safe House, LLC | ) Case No.: | 24-ULC-00001 |
| t/a Safe House | ) License Nos.: | 129332 |
| | ) | 129333 |
| Cease and Desist | ) Order No.: | 2024-504 |
| | ) | |
| at premises | ) | |
| 335 H Street, N.E. | ) | |
| Washington, D.C. 20002 | ) | |
| | ) | |

**BEFORE:**      Donovan Anderson, Chairperson
              James Short, Member
              Silas Grant, Jr., Member

**PARTIES:**      Jacobie K. Whitley, Counsel
              1455 Pennsylvania Avenue, N.W.
              Suite 400
              Washington, D.C. 20004

              on behalf of:

              Abbas Fathi, H Street Development Group, LLC, Respondent

              Margaret Villalobos, Respondent

              Marquis Childress, Respondent

              The Safe House, LLC, t/a Safe House, Respondent
              (a.k.a The Safe House CBD Center, LLC; SHMO Irrevocable Trust)

---

## ORDER VACATING BOARD ORDER NO. 2024-472 AND ISSUING AN AMENDED ORDER TO CEASE AND DESIST

---

On July 3, 2024, the Alcoholic Beverage and Cannabis Board (Board) reviewed compelling evidence that The Safe House, LLC, t/a Safe House (a.k.a The Safe House CBD Center, LLC; SHMO Irrevocable Trust) (Safe House); Margaret Villalobos; Marquis Childress; Abbas Fathi; and H Street Development Group, LLC, engaged in a violation of Chapter 16B of Title 7 of the D.C. Official Code or permitted such illegal activity to occur.  Subsequently, upon

1

a review of ABCA's records, it was determined that the Applicant filed two conditional applications for medical cannabis licensure close-in-time to when the cease and desist order issued in Board Order No. 2024-472 was under review. In light of the Board's approval of the conditional license applications filed by Safe House on July 17, 2024, the Board vacates Board Order No. 2024-472 and issues an amended cease and desist order to reflect this change in circumstances, facts, and legal posture.

Consequently, based upon a review of the Board's records in this matter on July 17, 2024, the Board determined that before the filing of the approved applications, Safe House; Margaret Villalobos; Marquis Childress; Abbas Fathi; and H Street Development Group, LLC, engaged in a violation of Chapter 16B of Title 7 of the D.C. Official Code or permitted such illegal activity to occur. The Board notes that upon approval of the conditional license applications, the Respondents are obligated to cease cannabis distribution, possession, and all other cannabis related activity as a term of its current licenses. Therefore, the Respondents are hereby ordered to **CEASE AND DESIST** purchasing, possessing, and selling cannabis in violation of D.C. Code §§ 7-1671.06(k)(3) & § 7-1671.08(a) at 335 H Street, N.E., Unit A, or any other location in the District of Columbia and comply with the other terms of this Order.

The Board notes that the hearing on July 22, 2024, shall be cancelled but a new hearing will be held if the Respondents renew their request for a hearing. The Board further warns the Respondents that an amended or new cease and desist may be issued, additional enforcement actions, and additional investigations may be conducted against it in the future based on the recent passage and likely enactment of the *Medical Cannabis Conditional License and Unlicensed Establishment Clarification Emergency Amendment Act of 2024.*[1]

### FINDINGS OF FACT

The following statements represent the Board's findings of fact based on the evidentiary record.

1.      The Board incorporates by reference the facts and evidence presented in Case Report No. 24-ULC-00001.

2.      On Friday, March 15, 2024, Alcoholic Beverage and Cannabis Administration (ABCA) Supervisory Investigator (SI) Jason Peru with ABCA and other District agencies inspected 335 H Street, N.E., Unit A, related to illegal cannabis activities. *Case Report No. 24-ULC-00001*, at 1. The premises were being occupied and run by a business identifying itself as the Safe House CBD Center, LLC, t/a Safe House, under a business license issued to Margaret Villalobos and a manager identified as Marquis Childress. *Id*. at 1, *Exhibit No. 1*. The landlord of the premises is H Street Development Group, LLC, which is owned or controlled by Abbas Fathi. *Id*. at 1. During the inspection, the establishment was found to have engaged in the illegal sale and distribution of cannabis infused edibles and drinks. *Id*. In response, a warning letter was issued advising of violations regarding the illegal sale and distribution of cannabis. *Id*. at Exhibit No. 1.

---

[1] Note that the new law still required signature by the Mayor at the time this Order was drafted. *See* D.C. Council, *B25-0872 – Medical Cannabis Conditional License and Unlicensed Establishment Closure Clarification Emergency Amendment Act of 2024*, https://lims.dccouncil.gov/Legislation/B25-0872 (last visited Jul. 15, 2024).

The Board further notes that on March 27, 2024, ABCA received a letter from Safe House's Counsel, dated March 27, 2024, stating that

> . . . my client's agents report that Investigator Peru represented that the submission of a medical cannabis application within fourteen (14) days of receipt of the warning letter, which would prevent further enforcement.

> My client represents that it intends to submit applications for a conditional medical cannabis retailer license and a medical cannabis internet retailer license. However, my client's ownership does not appear to meet the social equity applicant requirements and cannot submit its application during the current social equity retailer and internet retailer licensing round. My client does intend to submit its applications to ABCA during the standard retailer licensing round that opens on July 1, 2024.

*Letter from Jacobie Whitley on behalf of The Safe House LLC, to the Alcoholic Beverage and Cannabis Board*, at 1. The letter then asked the Board for an "exemption from any further enforcement," which was not granted. *Id*.

3.      On June 27, 2024, SI Peru returned to the premises for a follow up inspection. *Id*. Inside, he found that the establishment was continuing to sell cannabis products containing tetrahydrocannabinol (THC). *Id*. For example, one photo shows a product labelled "Icy Pop Smalls" and "31% THC" on a bag containing dried leafy green substances. *Id*. at *Exhibit No. 4*. The photos further show various similar products displayed on the store's shelves in a manner consistent with retail operations. *Id*. at *Exhibit Nos. 3-4*. Finally, the store was cited for engaging in the sale of unapproved food items by the D.C. Department of Health. *Id*. at 1.

4.      There is no indication that the products being displayed for sale conform with Chapter 16B and the associated regulations' manufacturing, testing, labeling, and packaging requirements.

5.      On July 1, 2024, The Safe House, LLC, filed an application for a conditional Medical Cannabis Retailer License and a conditional Medical Cannabis Internet Retailer License for 335 H Street, Unit A, Washington, D.C. 20002. *See Medical Cannabis Business License*, *The Safe House LLC*, at 1 (*Retailer Application*); *Medical Cannabis Business License*, *The Safe House LLC*, at 1 (*Internet Retailer Application*). The Board approved the applications on July 17, 2024 and designated the Retailer License, ABRA License No. 129332, and the Internet Retailer License, ABRA No. 129333.

6.      There is no indication that Safe House intends to cease its cannabis activity at 335 H Street, Unit A, or has disposed of the cannabis located on the premises.

## CONCLUSIONS OF LAW

7.      Under § 7-1671.12a(a) of Chapter 16B of Title 7 of the D.C. Official Code,

> If the ABC Board, after investigation but before a hearing, has cause to believe that a
> person is violating a provision of this chapter and the violation has caused or may cause,
> immediate and irreparable harm to the public, the ABC Board may issue an order
> requiring the alleged violator to cease and desist immediately from the violation.

D.C. Code § 7-1671.12a(a).

## I.    AS A CONDITIONAL LICENSE HOLDER, SAFE HOUSE MUST CEASE ALL CANNABIS ACTIVITY AT THE PREMISES.

8.    Safe House and the other Respondents cannot continue allowing or permitting cannabis
activity at its premises under the terms of the conditional license.

9.    Under § 7-1671.08(a).

> *Any person who . . . possesses, . . . dispenses, distributes, or uses cannabis*, or . . .
> possesses, distributes, or uses paraphernalia, *in a manner not authorized by this
> chapter* or the rules issued pursuant to § 7-1671.13 shall be subject to criminal
> prosecution and sanction under subchapter I of Chapter 11 of Title 48 [§ 48-1101 et
> seq.].

D.C. Code § 7-1671.08(a) (emphasis added).  Under § 7-1671.06(k)(3), "The holder of a
conditional license shall not engage in *purchasing, possessing,* cultivating, manufacturing, *or
selling of medical cannabis or cannabis products.*"  D.C. Code § 7-1671.06(k)(3).

10.    In this case, Safe House was approved for two conditional retail medical cannabis
licenses on July 17, 2024.  *Supra,* at ¶ 5.  Before that date, Safe House and its agents operated an
unlicensed retail establishment where cannabis was sold to the public, as evidenced by the
manner in which cannabis was being stored, packaged, and displayed at the premises, the amount
of cannabis contained in the premises, and the labeling of the product, which indicated that the
contents contained THC.  *Supra,* at ¶ 3.  As of the date of approval, there is no indication that
Safe House has taken steps to dispose of the cannabis at the property, has ceased obtaining
illegal cannabis products for its inventory, or ceased selling cannabis or otherwise taken steps to
come into compliance with § 7-1671.06(k)(3) and 7-1671.08(a).  Therefore, based on the
Board's approval of the license applications, the Board orders Safe House and the other
Respondents to cease violating the terms of the conditional license and to immediately come into
compliance

## II.    IF SAFE HOUSE SURRENDERS ITS LICENSE, ITS CURRENT OPERATIONS CANNOT CONTINUE.

11.    The Board is further aware that if Safe House withdraws or surrenders its license, the
statutes cited above may no longer be applicable.  In order to avoid legal games or delaying
tactics, the Board further, in the alternative to the above, will order the continuation of the
present cease and desist order if Safe House surrenders its license, because the operations would
remain in violation of the law upon the surrender of the licenses.

12.     Under § 7-1671.08(f),

Beginning January 31, 2024, the ABC Board may issue the following fines to an unlicensed establishment that violates § 7-1671.06(c-1) or § 7-1671.06b(e), or has not filed an accepted and pending application with the ABC Board and knowingly engages or attempts to engage in the purchase, sale, exchange, delivery, or any other form of commercial transaction involving cannabis that is not purchased, sold, exchanged, or delivered in accordance with the provisions of this chapter or § 48-904.01.

D.C. Code § 7-1671.08(f).[2]  Relatedly, under § 48-904.1(a)(1),

Except as authorized by this chapter or Chapter 16B of Title 7 [§ 7-1671.01 et seq.], it is unlawful for any person knowingly or intentionally to manufacture, distribute, or possess, with intent to manufacture or distribute, a controlled substance. Notwithstanding any provision of this chapter to the contrary, it shall be lawful, and shall not be an offense under District of Columbia law, for any person 21 years of age or older to:

(A)     Possess, use, purchase, or transport marijuana weighing 2 ounces or less; [or]

(B)     Transfer to another person 21 years of age or older, without remuneration, marijuana weighing one ounce or less . . . .

D.C. Code § 48-904.1(a)(1).  Also, relatedly, an "Unlicensed establishment" is defined as

a sole proprietorship, partnership, or other business entity that:

(A)     Sells, exchanges as part of a commercial transaction, or delivers cannabis and cannabis products;

(B)     Operates at or delivers from a specific location in the District; and

(C)     Is not licensed by ABCA as a cultivation center, retailer, internet retailer, manufacturer, courier, or testing laboratory.

D.C. Code § 7-1671.01(22).

13.     Finally, under § 7-1671.12e(a),

Any building, ground, or premises where cannabis is sold, exchanged as part of a commercial transaction, delivered, or permitted to be consumed by an unlicensed establishment shall be a nuisance, except any building, ground, or premises of an applicant that filed an accepted and pending application with the Board during the 90-calendar day open application period.

---

[2] Board Order No. 2024-472 contained a typo that miscited this provision.

D.C. Code § 7-1671.12e(a).

14.      In light of the Board's findings above, it is clear that if Safe House surrenders its license, Safe House and the other Respondents will be immediately in violation of §§ 7-1671.08(f) by possessing or allowing the possession of more than 2 ounces of cannabis in violation of § 48-904.1(a)(1) based on the amount of cannabis observed at the premises on June 27, 2024. *Supra*, at ¶ 3 (see pictures of the store). Separate and apart from this violation, Safe House and the other Respondents will also be engaging in a violation of § 7-1671.08(f) and be engaging in a nuisance in violation of § 7-1671.12e(a) by engaging in or allowing cannabis transactions at the premises to occur after surrendering the license. The Board also finds it likely that Safe House will engage in future violations of the law where it was previously found in violation in March 2024, and willfully and intentionally continued to illegally operate despite being aware of its legal obligations. *Supra*, at ¶¶ 2-3.

### III.    THE CONTINUED OPERATION OF SAFE HOUSE IMMEDIATELY AND IRREPARABLY HARMS THE PUBLIC.

15.      The Board further notes that the sale and distribution of illegal cannabis immediately threatens the health, safety, and welfare of the public because unregulated product may contain inappropriate and harmful substances (e.g., pesticides, other narcotics). In addition, unlicensed businesses are at risk of selling cannabis to persons that should not have access to cannabis such as minors. Finally, such activity constitutes a nuisance under D.C. Official Code § 7-1671.13e. *See also Com. ex rel. Preate v. Danny's New Adam & Eve Bookstore*, 625 A.2d 119, 122 (1993) (It is well-settled that even a lawful business may be enjoined from operation if it is shown that, under the particular circumstance, its operation constitutes a public nuisance); *Camp v. Warrington*, 227 Ga. 674, 674, (1971) ("where it is made to appear with reasonable certainty that irreparable harm and damage will occur from the operation of an otherwise lawful business amounting to a continuing nuisance, equity will restrain the construction, maintenance or operation of such lawful business."). Therefore, the immediate cessation of all cannabis activity at the premises is appropriate under § 7-1671.12a(a) and the other laws cited above.

### ORDER

Therefore, the Board, on this 17th day of July 2024, hereby **ORDERS** The Safe House CBD Center, LLC, t/a Safe House; Margaret Villalobos; Marquis Childress; Abbas Fathi; and H Street Development Group, LLC to immediately

1.  **CEASE AND DESIST** purchasing, possessing, and selling cannabis in violation of D.C. Code §§ 7-1671.06(k)(3) and § 7-1671.08(a) at 335 H Street, N.E., Unit A, or any other location in the District of Columbia; and

2.  **IN THE ALTERNATIVE**, if the licenses are surrendered, the Respondents shall **CEASE AND DESIST** the illegal purchase, sale, exchange, delivery, or any other form of commercial transaction involving cannabis at 335 H Street, N.E., Unit A, or any other location in the District of Columbia in violation of §§ 7-1671.08(f) and 7-1671.12e(a).

6

**IT IS FURTHER ORDERED** that Board Order No. 2024-472 is **VACATED**.

**IT IS FURTHER ORDERED** that the original hearing request filed by the Respondents is **MOOT** based on the cancelling of Board Order No. 2024-472.  The Respondents may renew their hearing request with the Office of the General Counsel.

      The ABCA shall deliver a copy of this order to the Parties by hand delivery or certified mail in accordance with D.C. Official Code § 7-1671.12a(a).

District of Columbia
Alcoholic Beverage and Cannabis Board

_Donovan Anderson_

Donovan Anderson, Chairperson

_James Short_

James Short, Member

_Silas Grant_

Silas Grant, Jr., Member

Pursuant to D.C. Official Code § 7-1671.12a(b)(1), "[t]he alleged violator [or violators] may, within 15 days after the service of the order, submit a written request to the ABC Board to hold a hearing on the alleged violation." D.C. Code § 7-1671.12a(b)(1). Upon receipt of the request, the Board will provide the requestor with a "a hearing in accordance with the procedures set forth in Chapter 5 of Title 2" to challenge the cease and desist and the Board shall "issue a decision within 90 days after the hearing." D.C. Code § 7-1671.12a(b)(2).

The requestor may also request an expedited hearing if they submit a written request "within 10 days after the service of an order" and "request [that] the ABC Board [hold] an expedited hearing on the alleged violation." D.C. Code § 7-1671.12a(c)(1). If a timely request for an expedited hearing is made, the "Board shall conduct a hearing within 10 days after the date of receiving the request and shall deliver to the alleged violator at their last known address a written notice of the hearing by any means guaranteed to be received at least 5 days before the hearing date." D.C. Code § 7-1671.12a(c)(2). After the expedited hearing, the Board shall issue a decision within 30 days. D.C. Code § 7-1671.12a(c)(3).

Please note that the failure to request a hearing shall result in the order being deemed final. Please further note that if you fail to comply with the order of the Board, the Board may file a petition against you with the Superior Court of the District of Columbia and seek compliance by judicial order in addition to other enforcement actions permitted by law. D.C. Code § 7-1671.12a(f)(3).

If you request a hearing, you may appear at the virtual hearing unless other instructions to appear are provided, and you and the establishment, may be represented by legal counsel. You have the right to produce witnesses and evidence on your behalf and to cross-examine witnesses. You may examine evidence produced, and have subpoenas issued on your behalf to require the production of witnesses and evidence.

All hearings are conducted in the English language. If you, any corporate officer, or any witnesses to be called are deaf, have a hearing impediment, or cannot readily understand or

communicate the spoken English language, an application may be made to the Board for the appointment of a qualified interpreter.

Your failure to appear at the time and place set for the hearing, if requested, either in person or through counsel, or both, will not preclude the Board from proceeding in this matter.  Should you have any questions, contact ABRA Adjudication Specialist Danette Walker at 202-442-4418.

Finally, pursuant to section 11 of the District of Columbia Administrative Procedure Act, Pub. L. 90-614, 82 Stat. 1209, D.C. Code § 2-510 (2001), and Rule 15 of the District of Columbia Court of Appeals, any party adversely affected has the right to appeal this Order by filing a petition for review, within thirty (30) days of the date of service of this Order, with the District of Columbia Court of Appeals, 430 E Street, N.W., Washington, D.C. 20001.  However, the timely filing of a Motion for Reconsideration stays the time for filing a petition for review in the District of Columbia Court of Appeals until the Board rules on the motion.  *See* D.C. App. Rule 15(b) (2004).