UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIANCE FOR RECREATIONAL CANNABIS ENTITIES LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DISTRICT OF COLUMBIA,** *et al.***,**<br><br>    **Defendants.** | No. 1:24-cv-03164-ACR |
| **THE SAFE HOUSE LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DISTRICT OF COLUMBIA,** *et al.***,**<br><br>    **Defendants.** | No. 1:24-cv-03532-ACR |
| **ORGANIX LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DISTRICT OF COLUMBIA,** *et al.***,**<br><br>    **Defendants.** | No. 1:24-cv-03536-ACR |
| **GREEN MAGIC LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DISTRICT OF COLUMBIA,** *et al.***,** | No. 1:24-cv-03537-ACR |

| | |
|---|---|
| **Defendants.** | |
| **ELEVATED TOURS LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> Defendants. | **No. 1:24-cv-03538-ACR** |
| **AR LOGISTICS LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> Defendants. | **No. 1:24-cv-03539-ACR** |

**<u>DISTRICT DEFENDANTS' OPPOSITION TO PLAINTIFFS'</u>** <br>
**<u>OMNIBUS MOTION TO ABSTAIN FROM EXERCISING JURISDICTION</u>** <br>
**<u>AND TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA</u>**

ii

**Table of Contents**

INTRODUCTION ................................................................................................................... iv

BACKGROUND ..................................................................................................................... 1

LEGAL STANDARD.............................................................................................................. 2

ARGUMENT........................................................................................................................... 3

     I.    This Court Has Original Jurisdiction to Hear Plaintiffs' Claims. .......................... 4

     II.   Supplemental Jurisdiction Over Plaintiffs' State Law Claims is Appropriate. .. 5

     III.  Neither *Pullman* Nor *Burford* Abstention Applies. ............................................ 7

CONCLUSION...................................................................................................................... 10

# Table of Authorities

**Cases**

*Atkinson v. Grindstone Capital, LLC*, 12 F. Supp. 3d 160 (D.D.C. 2014) ................................... 2

*BEG Invs., LLC v. Alberti*, 34 F. Supp. 3d 68 (D.D.C. 2014) ......................................................... 8

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) .................................................................................. 9

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ......................................................................... 3

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ............... 2, 3

*Gunn v. Minton*, 568 U.S. 251 (2013) ............................................................................................ 3

*Harris County Comm'rs Court v. Moore*, 420 U.S. 77 (1975) ....................................................... 7

*Justice v. Superior Ct. of District of Columbia*, 732 F.2d 949 (D.C. Cir. 1984) ........................... 7

*Lindsay v. Gov't Employees Ins. Co.*, 448 F. 3d 416 (D.C. Cir. 2006) ........................................... 5

*Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80 (D.D.C. 2014) ........................................................... 3

*Moon Rocket Inc. v. City of New York*, 24-CV-4519 (JPO), 2024 WL 3454901 (S.D.N.Y. July 18, 2024) ........................................................................................................................................ 5

*Ne. Patients Grp. v. United Cannabis Patients & Caregivers of Me.*, 45 F.4th 542 (1st Cir. 2022) ...................................................................................................................................................... 5

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) ........................ 8, 9

*Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916 (9th Cir. 2024) ........................................ 5

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1992) ................................................................. 2

*Rice v. District of Columbia*, 626 F. Supp. 2d 19 (D.D.C. 2009) .................................................. 4

*Royal Canin U.S.A., Inc. v. Wullschleger*, Case No. 23-677, 2025 U.S. LEXIS 365 (U.S. Jan. 15, 2025) ........................................................................................................................................ 3

*Silverman v. Barry*, 727 F.2d 1121 (D.C. Cir. 1984) ................................................................. 8, 9

*United States v. Phillip Morris USA, Inc.*, 319 F. Supp. 2d 9 (D.D.C. 2004) ................................ 9

*United States v. Toyota Motor Corp.*, 117 F. Supp. 2d 34 (D.D.C. 2000) ..................................... 9

*Vaden v. Discover Bank*, 556 U.S. 49 (2009) ................................................................................ 3

**Statutes**

28 U.S.C. § 1331 .............................................................................................................................. 3

28 U.S.C. § 1367(a) ..................................................................................................................... 4, 5

28 U.S.C. § 1441(a) ......................................................................................................................... 3

28 U.S.C. § 1451(1) ......................................................................................................................... 3

## INTRODUCTION

Plaintiffs have each brought numerous federal claims against the District Defendants,[1] but now quixotically argue that these claims should not be resolved by a federal court. Despite Plaintiffs' attempts to invoke abstention doctrines, these cases are properly before this Court. Neither abstention doctrine they cite offers the outcome they seek. Similarly, Plaintiffs' efforts to remand are inappropriate. Any argument for remand is belied by the plain text of their Complaints, in which federal claims predominate. That is, Plaintiffs' Complaints are predicated upon multiple federal causes of action, and in fact invite the Court to directly apply numerous constitutional provisions to District law. Plaintiffs fail to offer any substantive argument as to why the Court lacks jurisdiction to hear this case. The Court should deny Plaintiffs' efforts to have this Court abstain and remand.

## BACKGROUND

Plaintiffs—five businesses and one self-described alliance of recreational cannabis entities—challenge the District of Columbia's statutory regime governing the licensing of medical cannabis businesses. *See e.g.*, Alliance Complaint [1]. To do so, Plaintiffs raise a multitude of constitutional challenges via 42 U.S.C. § 1983, including claims under the Fourth, Fifth, and Seventh Amendments as well as claims arising under the Dormant Commerce Clause

---

[1] Defendants District of Columbia, Mayor Muriel Bowser, Office of the Mayor for the District of Columbia, Attorney General Brian L. Schwalb, Office of the Attorney General for the District of Columbia, Alcoholic Beverage and Cannabis Administration Director Fred Moosally, Alcoholic Beverage and Cannabis Administration, Department of Licensing and Consumer Protection Director Tiffany Crowe, Department of Licensing and Consumer Protection, Metropolitan Police Department, and Metropolitan Police Department Chief Pamela A. Smith are referred to collectively as the District Defendants or the District.

and the Contracts Clause.[2]  *See e.g.*, *id.* (Counts 1, 2, 4, 5, 6, 7, 8, 11).  Plaintiffs also raise an amorphous claim under the Further Consolidated Appropriations Act of 2024.  *Id.* (Count 10).

Alliance filed its lawsuit in this Court on November 7, 2024.  *See* Alliance Compl.  The five related Plaintiffs filed substantially similar lawsuits in the Superior Court; the District removed all five lawsuits on December 19, 2024.  *See, e.g.*, *AR Logistics*, 24-cv-3539, Notice of Removal [1].  At a hearing on January 2, 2025, the Court consolidated all six cases for pre-trial purposes.  On January 9, 2025, Alliance filed this motion, asking the Court to abstain from Alliance's lawsuit, including "a partial remand of the local claims," to the Superior Court as well as remand of Plaintiffs' five cases originally brought in the Superior Court.  Pls.' Omnibus Mot. Abstain and Remand (Pls.' Mot.) [14] at 8.

## LEGAL STANDARD

"The doctrine of abstention establishes a framework for when a federal district court that has jurisdiction over a matter may exercise its discretion and decline to hear the case."  *Atkinson v. Grindstone Capital, LLC*, 12 F. Supp. 3d 156, 160 (D.D.C. 2014).   Whether to abstain is predicated upon a "balancing of factors" that "'does not rest on a mechanical checklist of factors,'" and depends on the doctrine raised.  *Id.* at 161 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983)).  "Abstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), and requires "exceptional circumstances."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1992).  Federal courts have a "virtually

---

[2]  For purposes of this Opposition, the District only cites one case for common arguments or claims.

unflagging obligation" to "exercise the jurisdiction given them." *Colorado River Water Conservation District*, 424 U.S. at 817.

Removal of a civil lawsuit brought in the Superior Court of the District of Columbia is appropriate if the Court has original jurisdiction over the action. 28 U.S.C. §§ 1441(a), 1451(1). This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Where "a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (quotation omitted). "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), whereby "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

## ARGUMENT

"The plaintiff is 'the master of the complaint,' and therefore controls much about her suit." *Royal Canin U.S.A., Inc. v. Wullschleger*, Case No. 23-677, 2025 U.S. LEXIS 365, at *15 (U.S. Jan. 15, 2025). A plaintiff "may decide to plead federal-law claims, or instead to allege state-law claims alone and thus ensure a state forum." *Id.* at *16. Here, Plaintiffs are free to dismiss their federal claims and pursue only state law claims, which would divest this Court of jurisdiction. *See id.* at *19. Paradoxically, however, Plaintiffs are challenging District law under

3

a myriad of federal claims while simultaneously seeking to keep these claims out of federal court.  Plaintiffs have no legitimate argument supporting that relief and no plausible argument that the Court does not have original jurisdiction over their claims.

I.     **This Court Has Original Jurisdiction to Hear Plaintiffs' Claims.**

Plaintiffs' "claims primarily concern the enforcement of the District of Columbia's cannabis regulations."  Pls.' Mot. at 2.  They raise numerous "federal constitutional questions," *id.* at 4, and arise under 42 U.S.C. § 1983, *see e.g.*, Alliance Compl. (Counts 1, 2, 4, 5, 6, 7, 8, 10, 11); Elevated Tours Compl. (Counts 7, 12).  Among these are claims under the Fourth, Fifth, and Seventh Amendments as well as the dormant Commerce Clause, the Contracts Clause, and the Further Consolidated Appropriations Act of 2024.  *Id.*  Using these various constitutional provisions and statutes as a hook, Plaintiffs ask the Court to directly resolve federal questions, including, for example:  Does the District's administrative enforcement regime violate the Seventh Amendment?  *See id.* (Count 1).  Does the Alcoholic Beverage and Cannabis Administration (ABCA) provide sufficient due process within civil enforcement proceedings under the Fifth Amendment?  *Id.* (Count 2).   Do the District's residency preferences for medical cannabis licenses violate the dormant Commerce Clause?  *Id.* (Count 4).  The list goes on.  Plaintiffs cannot plausibly argue that this Court does not have original jurisdiction over these claims.  *See Rice v. District of Columbia*, 626 F. Supp. 2d 19, 23 (D.D.C. 2009) ("[Plaintiff] brought suit under 42 U.S.C. § 1983.  As this case presents a question of federal law, this Court has original jurisdiction.").  Removal was plainly appropriate, and as such, this Court has jurisdiction over Plaintiffs' claims.  28 U.S.C. § 1367(a).

The constitutional questions Plaintiffs raise are also ones that federal courts routinely wade into despite marijuana's status as a Schedule I drug at the federal level.  As the Ninth

4

Circuit recently observed in an opinion overturning a district court's decision to abstain on a claim involving residency preferences for marijuana licenses and the dormant Commerce Clause, federal courts often "ventur[e] into the murky forests of state and federal recreational-marijuana law," which often present "difficult and significant questions."  *See Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 936 (9th Cir. 2024) (quotation omitted); *see also id.* at 936 (collecting cases and noting that "many district courts, including those within our circuit, have grappled with similar issues"); *Ne. Patients Grp. v. United Cannabis Patients & Caregivers of Me.*, 45 F.4th 542, 544 (1st Cir. 2022) (deciding whether Maine's residency requirements violate the dormant Commerce Clause); *Moon Rocket Inc. v. City of New York*, 24-CV-4519 (JPO), 2024 WL 3454901, at *1 (S.D.N.Y. July 18, 2024) (applying the Fourteenth Amendment to the municipality's marijuana licensing scheme).  Plaintiffs' claims are well-suited for resolution by this Court.

**II.     Supplemental Jurisdiction Over Plaintiffs' State Law Claims is Appropriate.**

Except as otherwise provided by statute, "in any civil action of which the district courts have jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c); *see also Lindsay v. Gov't Employees Ins. Co.*, 448 F. 3d 416, 423–24 (D.C. Cir. 2006) (noting that "[a] federal claim and a

state law claim form part of the same Article III case or controversy if the two claims 'derive from a common nucleus of operative fact' and in so demonstrate that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'") (quoting *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997)).

Plaintiffs argue that this Court should decline to exercise supplemental jurisdiction over their state law claims. Pls.' Mot. at 7. Plaintiffs acknowledge that their constitutional claims and state law claims "derive from a common nucleus of operative fact," Pls.' Mot. at 7, but Plaintiffs instead contend that "it is questionable whether this Court should exercise pendent jurisdiction" because "cannabis transfers and legalization are also predominating facts in that common nucleus of operative fact" and "the local law issues surrounding recreational and medical cannabis are so important and unsettled." *Id.* at 8, 7–8. But Plaintiffs' state law claims do not actually invoke these concerns.

Plaintiffs bring state law claims under the Home Rule Act (Alliance Count 3), the District of Columbia Administrative Procedure Act (Alliance Count 1), and District common law, including for defamation (AR Logistics Count 13) and malicious prosecution (Safe House Count 14). Plaintiffs have not explained—and it is not obvious on the face of their Complaints—why any of these claims would require this Court to resolve a novel and complex issue of local law or state law or why the legal status of cannabis would implicate the Court's analysis of these claims. Plaintiffs' constitutional claims discussed above predominate over these local law claims. Plaintiffs have identified no legitimate basis for the Court to decline to exercise jurisdiction over their comparatively small number of state law claims. Indeed, as noted above, Plaintiffs even concede that their claims "derive from a common nucleus of operative fact." Pls.'

Mot. at 7.  Accordingly, the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims, which Plaintiffs concede arise out of a common nucleus of operative facts as their federal constitutional claims.

### III.     Neither *Pullman* Nor *Burford* Abstention Applies.

Plaintiffs rely on *Pullman* or *Burford* abstention doctrines to argue that the Court should decline to hear their claims; neither doctrine applies.

*Pullman* abstention holds that "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question."  *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83 (1975) (citing *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941)); *see Justice v. Superior Ct. of District of Columbia*, 732 F.2d 949, 950 (D.C. Cir. 1984) (applying *Pullman* to the District).

Plaintiffs argue that *Pullman* abstention is appropriate because their "claims necessitate an interpretation of evolving D.C. cannabis law . . . [which] could obviate the need for this Court to address any federal constitutional claims."  Pls.' Mot. at 3–4.  As noted above, this is not quite right.  Plaintiffs mount a multi-pronged constitutional assault on the District's medical marijuana licensing scheme; they do not ask the Court to resolve an unsettled issue of District law or even explain how any interpretation of District law could in fact moot their claims.  Rather, Plaintiffs' claims involve "pronounced federal interests" of "substantial federal concern."  *Peridot Tree*, 94 F.4th at 931 (quotation omitted).  Because the constitutional claims are so squarely presented here, and with "no ambiguous questions of local law whose resolution might modify or moot the [constitutional claims] presented," *Pullman* abstention does not apply.  *Silverman v. Barry*, 727

7

F.2d 1121, 1123 n.4 (D.C. Cir. 1984). Outside of stating that "cannabis laws in the District of Columbia are part of a novel and unsettled area of local law," Plaintiffs do not point to a concurrent state court action that would necessitate this Court's abstention. Pls.' Mot. at 4. *Pullman* abstention is inapplicable. *See BEG Invs., LLC v. Alberti*, 34 F. Supp. 3d 68, 79 (D.D.C. 2014) ("Because there is no concurrent state court action to vindicate Plaintiff's claims, postponement would serve no purpose.").

Plaintiffs also contend that their "federal constitutional questions may be moot in federal court because cannabis is federally illegal . . . . Plaintiffs cannot claim a legal right to engage in cannabis-related activity . . . [so] the Court cannot issue a meaningful remedy under Article III, Section 2 of the U.S. Constitution." Pls.' Mot. at 4.[3] That makes no sense. If this Court lacks authority to afford Plaintiffs' requested relief under their federal claims then, logically, the Superior Court would be precluded from issuing the same relief based on federal claims. U.S. Const. art. VI, cl. 2. Federal law does not disappear at the door of Superior Court.

Plaintiffs' reliance on *Burford* abstention is similarly unavailing. *Burford* abstention is designed to protect "complex state administrative processes from undue federal interference." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989); *see also*

---

[3] Plaintiffs also note that "[t]he regulation of cannabis within the District of Columbia falls squarely within the purview of the Tenth Amendment." Pls.' Mot. at 5. According to Plaintiffs, the District cannot "enact a comprehensive regulatory framework for recreational cannabis" because of the Harris Rider. *Id.* at 6. Thus, "[t]his Congressional interference underscore the need for abstention and remand to all the local courts to address these complex legal issues." *Id.* This is simply incorrect. For starters, the Tenth Amendment does not apply to the District. *District of Columbia Common Cause v. District of Columbia*, 858 F.2d 1, 6 (D.C. Cir. 1988) ("[T]he District, unlike the states, has no reserved power to be guaranteed by the Tenth Amendment.") (quotation omitted)). The District passed numerous pieces of cannabis legislation pursuant to the Home Rule Act, Pub. L. No. 93-198, 87 Stat. 774 (1973) (codified as amended as D.C. Code § 1-201 et seq.), which Congress has not interfered with. For another, the Harris Rider does not apply to "medical marijuana," as relevant here. *See* Pub. L. No. 118-47, § 809.

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  "In each case, the court must balance 'the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem.'"  *United States v. Toyota Motor Corp.*, 117 F. Supp. 2d 34, 44 (D.D.C. 2000) (quoting *Quackenbush*, 517 U.S. at 728)).  Plaintiffs argue that because "the District's cannabis regulatory framework is intricate and evolving," Pls.' Mot. at 4, and because "there are difficult questions of state law bearing on policy problems of substantial public import," *id.* at 5, abstention is warranted.  Here, as pled, Plaintiffs' constitutional claims are simply unavoidable and foundational to Plaintiffs' Complaints, rendering abstention inapt.  *See Peridot*, 94 F.4th at 927 (rejecting *Burford* abstention and noting that "it is unclear how [Plaintiff's] dormant Commerce Clause claim could be avoided by a state-court ruling.").  Moreover, "*Burford* does not require abstention whenever there exists [a complex state administrative process], or even in all cases where there is a potential for conflict with state regulatory law or policy."  *New Orleans Pub. Serv.*, 491 U.S. at 362.  To the extent that Plaintiffs' claims raise questions of substantial importance, this does not provide a basis to abstain.  As the D.C. Circuit noted, "[f]ederal courts routinely decide local matters of great sensitivity and we are not convinced that abstention from a federal question case may be based on this rationale."  *Silverman*, 727 F.2d at 1123 n.4.

"The task in abstention cases is not to find some substantial reason for the exercise of federal jurisdiction by the district court but rather to ascertain whether there exist exceptional circumstances that can justify the surrender of that jurisdiction."  *United States v. Phillip Morris USA, Inc.*, 319 F. Supp. 2d 9, 13 (D.D.C. 2004) (quotation omitted)).  Here, no such exceptional

9

circumstances exist. Plaintiffs' Complaints present almost exclusively federal questions well suited for the Court to resolve. Remand and abstention are inappropriate.[4]

## CONCLUSION

Because abstention is inapplicable and the District properly removed these cases, Plaintiffs' motion should be denied.

Date: January 31, 2025.    Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Helen M. Rave*
DAVID R. WASSERSTEIN [1736006]
HELEN M. RAVE [90003876]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7520
Email: helen.rave@dc.gov

*Counsel for Defendants District of Columbia, Mayor Muriel Bowser, the Office of the Mayor for the District of Columbia, Attorney General Schwalb, the Office of the Attorney General*

---

[4] The District's argument notwithstanding, if Plaintiffs wish to voluntarily dismiss each of their federal claims, the District would not oppose remand to Superior Court. *See* Fed. R. Civ. P. 15(a)(2).

10

*for the District of Columbia, the Department of Licensing and Consumer Protection, Tiffany Crowe, the Metropolitan Police Department, Pamela A. Smith, the Alcoholic Beverage and Cannabis Administration, and Fred Moosally*

**CERTIFICATE OF SERVICE**

On January 31, 2025, undersigned counsel served a copy of this omnibus on counsel for Plaintiffs Alliance of Recreational Cannabis Entities, Green Magic LLC, Organix LLC, and the Safe House LLC via ECF. On January 24, 2025, undersigned counsel served counsel for Plaintiffs AR Logistics LLC and Elevated Tours LLC and counsel for the Council of the District of Columbia and Kenyan McDuffie via email at the below addresses:

Lev Ivan Gabriel Iwashko
Counsel for Plaintiffs AR Logistics LLC and Elevated Tours LLC
lev@iwashkoLaw.com
leviwashko@gmail.com

Daniel Golden
Counsel for Council of the District of Columbia and Kenyan McDuffie
dgolden@dccouncil.gov

                                             */s/ Helen M. Rave*
                                             HELEN M. RAVE [90003876]
                                             Assistant Attorney General