# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RECREATIONAL CANNABIS ENTITIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | No. 1:24-cv-03164-ACR |
| THE SAFE HOUSE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | No. 1:24-cv-03532-ACR |
| ORGANIX LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | No. 1:24-cv-03536-ACR |
| GREEN MAGIC LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | No. 1:24-cv-03537-ACR |
| ELEVATED TOURS LLC, | |

| | |
|---|---|
| Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | No. 1:24-cv-03538-ACR |
| AR LOGISTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | No. 1:24-cv-03539-ACR |

### DISTRICT DEFENDANTS' NOTICE OF ANTICIPATED MOTION TO DISMISS

The District Defendants notify the Court of their intent to file a motion to dismiss these six consolidated cases.[1] Plaintiffs—five businesses and one self-described alliance of recreational cannabis entities—challenge the District of Columbia's statutory and regulatory regime governing the licensing of medical cannabis businesses and enforcement actions against businesses engaged in the commercial distribution of recreational cannabis. Across Plaintiffs' Complaints, they collectively bring 16 distinct claims, including constitutional, statutory, and tort claims. Each should be dismissed. To avoid unnecessary duplication, the District incorporates

---

[1] Defendants District of Columbia, Mayor Muriel Bowser, Office of the Mayor for the District of Columbia, Attorney General Brian L. Schwalb, Office of the Attorney General for the District of Columbia, Alcoholic Beverage and Cannabis Administration Director Fred Moosally, Alcoholic Beverage and Cannabis Administration, Department of Licensing and Consumer Protection Director Tiffany Crowe, Department of Licensing and Consumer Protection, Metropolitan Police Department, and Metropolitan Police Department Chief Pamela A. Smith are referred to as the District Defendants or, collectively, the District. Although the Court has not entered a standing order in this case, undersigned counsel is aware that this Court requires a notice of intent to file dispositive motions prior to the submission of a motion. *See* Standing Order § 7.f.

1

the legal standards and arguments advanced in its omnibus opposition to Plaintiffs' motions for preliminary injunction, which addresses most of Plaintiffs' claims. *See* District Defs.' Omnibus Opp'n to Pls.' Mot. Prelim. Injuc. (District Defs.' Opp'n) at 16–55 [16].  The District intends to rely on these arguments in its motion to dismiss.  This notice briefly expands upon the District's arguments as to Plaintiffs' lack of standing and separately addresses the two claims raised in Plaintiffs' Complaints but not in their motions for preliminary injunctions.[2]

I. **Standing**

As noted in the District Defendants' Opposition, Plaintiffs' Complaints suggest a number of standing defects.  *See* District Defs.' Opp'n at 24–25 (lack of organizational standing as to Plaintiff Alliance), 28 (Seventh Amendment), 43–44 (Contracts Clause), 46 (Fourth Amendment), 50 (Home Rule Act), 52 (D.C. APA).  "Standing is a prerequisite to the existence of a 'Case[ ]' or 'Controvers[y],' which is itself a precondition to the exercise of federal judicial power." *Attias v. CareFirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) (quoting U.S. Const. art. III, §§ 1-2).  To have standing to challenge the District's statutory and regulatory regime for licensing medical marijuana businesses, each Plaintiff must demonstrate that it "suffered a concrete and particularized injury . . . that is fairly traceable to the challenged action of the defendant and . . . that is likely to be redressed by a favorable decision . . . ." *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 376–77 (D.C. Cir. 2017) (citations and quotations omitted).  That is, Plaintiffs must show that they were *actually* harmed or that such harm is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398,

---

[2] Plaintiffs Alliance, AR Logistics, and Elevated Tours pled substantially similar Fifth Amendment self-incrimination arguments in their Complaints, but did not raise these arguments in their motions for preliminary injunctions. *Compare* Alliance Compl. [1] (Count 7) *with* Alliance Mem. [6-1].  Plaintiff Elevated Tours asserted an additional claim titled, "Abuse of Process." *See* Elevated Tours Compl. [1-2] (Count 13).

409 (2013). "An 'objectively reasonable likelihood' of future harm does not establish standing in the present time, despite legitimate anxiety that ill might befall an individual." *Welborn v. IRS*, 218 F. Supp. 3d 64, 77 (D.D.C. 2016) (quoting *Clapper*, 568 U.S. at 410).

Here, Plaintiffs largely fail to do so. For instance, Plaintiff Organix does not allege that the Alcoholic Beverage and Cannabis Administration (ABCA) issued its business a summary closure order or that the Department of Licensing and Consumer Protection (DLCP) issued its business fines. Organix Compl. [1-2] ¶ 55 ("Fearing imminent enforcement from Defendants, Plaintiff ceased operations . . . ."). Plaintiff Green Magic asserts that it voluntarily closed its business. Green Magic Compl. [1-2] ¶ 58 ("Due to fear that enforcement action would affect its licenses, Plaintiff vacated the premises at 6234 Georgia Avenue, N.W., Washington, D.C. 20011 . . . ."). Plaintiff Safe House notes the same. Safe House Compl. [1-2] ¶ 247 ("Plaintiff vacated the premises and terminated its lease with the property owner . . . ."). Plaintiffs have no standing where they cannot demonstrate "a real and immediate threat of future injury by the defendant." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983). The District will expand upon these arguments with respect to each Plaintiff in its motion to dismiss.

II.     **Plaintiffs' Remaining Claims**

   A.  **Fifth Amendment Self-Incrimination**

Plaintiffs' Fifth Amendment self-incrimination claim hinges on ABCA's use of an "Unlicensed Operator Attestation Form" as part of the District's medical cannabis licensing process requiring applicants to acknowledge that their businesses "engaged in commercial cannabis transactions." Alliance Compl. ¶ 157. Plaintiffs argue that the form is flawed in two respects. First, the attestation form requires applicants to acknowledge that they engaged in illegal commercial cannabis transactions. *Id.* ¶ 158. And second, the form does not "notify the

3

applicant of their Fifth Amendment right against self-incrimination." *Id.*  However, the Fifth Amendment testimonial privilege against self-incrimination does not extend to mandated compliance with regulatory documents, including licensing applications.  As the Supreme Court has held, "the fact that incriminating evidence may be the byproduct of obedience to a regulatory requirement, such as filing an income tax return, maintaining required records, or reporting an accident, does not clothe such required conduct with the testimonial privilege."  *United States v. Hubbel*, 530 U.S. 27, 35 (2000); *see also Baltimore City Dept. of Social Servs. v. Bouknight*, 493 U.S. 549, 556 (1990) ("The Court has on several occasions recognized that the Fifth Amendment privilege may not be invoked to resist compliance with a regulatory regime constructed to effect the State's public purposes unrelated to the enforcement of its criminal laws.").  Plaintiffs' Fifth Amendment self-incrimination claim necessarily fails.

### B. Abuse of Process

Plaintiff Elevated Tours raises an opaque abuse of process claim, arguing that ABCA's requirement for applicants to complete the Unlicensed Operator Attestation Form, described above, must constitute an abuse of process.  Elevated Tours Compl. ¶ 293.  Separate and apart from the attestation form, Plaintiff asserts that ABCA's denial of its medical cannabis business license reflected abuse of process because ABCA's denial was based on an incorrect determination that Plaintiff's business was located within 300 feet of a recreational center.  *Id.* ¶ 299.  Plaintiff's reliance on the common law tort of abuse of process is wholly misplaced.  The tort of abuse of process "lies where the legal system has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do." *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992) (citations and internal quotation marks

4

omitted). This "cause of action exists for the perversion of the court process to accomplish an end which the process was not intended to bring about." *Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866, 868 (D.C. 1959). The conduct described by Plaintiff is divorced from the legal system entirely. This tort is inapplicable. Moreover, to the extent that Plaintiff wanted to appeal his license denial, Plaintiff had the opportunity to do so. *See* 22-C DCMR § 6001.

Date: February 7, 2025.                                      Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ David R. Wasserstein*
DAVID R. WASSERSTEIN [1736006]
HELEN M. RAVE [90003876]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 442-9784
Email: david.wasserstein@dc.gov

*Counsel for District Defendants*