**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLIANCE FOR RECREATIONAL CANNABIS ENTITIES LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:24-cv-03164-ACR<br>)  Judge Ana C. Reyes<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS COUNCIL OF THE DISTRICT OF COLUMBIA'S AND
COUNCILMEMBER KENYAN McDUFFIE'S NOTICE OF ANTICIPATED MOTION
TO DISMISS PLAINTIFFS' VERIFIED AMENDED COMPLAINTS**

Defendants Council of the District of Columbia and Councilmember Kenyan McDuffie

(the "Council Defendants"), by and through undersigned counsel, hereby notify the Court of

their intent to file a motion to dismiss the Verified Amended Complaints filed in *The Safe House,*

*LLC v. District of Columbia*, No. 1:24-cv-03532 ("SH Comp."), *Organix, LLC v. District of*

*Columbia*, No. 1:24-cv-03536 ("Org. Comp."), and *Green Magic, LLC v. District of Columbia*,

No. 1:24-cv-03537 ("GM Comp.") (collectively, the "Complaints").[1]  The Complaints seek

declaratory and injunctive relief that would preclude the District of Columbia from enforcing

certain laws and agency decisions related to cannabis, as well as awards of damages to the

Plaintiffs.  Dismissal with prejudice of the Complaints as to the Council Defendants is proper,

not only for the reasons set forth in the Notice of Anticipated Motion to Dismiss filed by the

---

[1] Of the cases consolidated in this lead action, these three are the only cases in which the Council Defendants have been named.  The Council Defendants are filing this notice consistent with the Court's general standing order, which requires that such notice be provided prior to the filing of a motion to dismiss. *See* Standing Order § 7.f.

other Defendants, (Dkt. 20), which arguments the Council Defendants incorporate, join, and

adopt, but also pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because: 1) the Council Defendants

are immunized from suit by the District's Speech or Debate Statute, D.C. Code § 1-301.42; and

2) the relief sought by Plaintiff is otherwise unavailable from the Council Defendants.[2]

## Factual Background

Plaintiffs The Safe House, LLC, Organix LLC, and Green Magic, LLC ("Plaintiffs")

allege that transfers of cannabis occurred on their respective premises pursuant to D.C. Code §

48-904.01(a)(1)(A) and (B). (SH Comp.,"Parties" ¶ 8; Org. Comp. ¶ 8; GM Comp., ¶ 8), and that

they have been subject to (in the case of The Safe House, LLC and Green Magic, LLC) or ceased

operations out of fear of (in the case of Organix, LLC) administrative enforcement actions by the

Alcoholic Beverage and Cannabis Administration ("ABCA") and the Department of Licensing

and Consumer Protection ("DLCP"). (SH Comp., "Facts" ¶¶ 35-47; Org. Comp. ¶¶ 54-55; GM

Comp. ¶¶ 56-58).  On November 27 and December 2, 2024, Plaintiffs filed their Complaints in

the Superior Court of the District of Columbia, alleging that the Defendants' actions in enforcing

the law against Plaintiff have violated Plaintiff's constitutional rights, contravened District

statutes, and given rise to liability in tort.  The Complaints name as defendants the District of

Columbia, various District agencies and officials, and the Council Defendants.

The allegations in the Complaints with respect to the Council Defendants are threadbare.

With respect to Councilmember McDuffie, the Complaints state that he "is the Chair Pro

---

[2] The United States Court of Appeals for the District of Columbia Circuit has held that the federal Speech or Debate Clause "operates as a jurisdictional bar when the actions upon which a plaintiff sought to predicate liability were 'legislative acts.'" *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 13 (D.C. Cir. 2006) (internal quotation and citation omitted).  Accordingly, relief pursuant to the District Speech or Debate Statute is appropriate under Fed. R. Civ. P. 12(b)(1), which provides for dismissal of a complaint based on a lack of subject-matter jurisdiction, as well as Fed. R. Civ. P. 12(b)(6).

Tempore of the Council of the District of Columbia and, as such, is responsible for District of

Columbia legislation, budget approval, agency oversight, and policy development[,]" and that

"[i]n that capacity, Councilmember Kenyan McDuffie is drafting, introducing, and enacting the

unconstitutional laws, customs, procedures, and policies complained of in this action and is sued

in his official capacity."  (SH Comp,"Parties" ¶ 20; Org. Comp. ¶ 20; GM Comp., ¶ 20).  With

respect to the Council itself, the Complaints state: "Defendant Council of the District of

Columbia serves as the legislative body for the District of Columbia, responsible for enacting

law, approving budgets, overseeing government agencies related to cannabis/marijuana and

medical cannabis." (SH Comp.,"Parties" ¶ 21; Org. Comp. ¶ 21; GM Comp., ¶ 21).  Two of the

Complaints further allege that "Defendant Kenyan McDuffie and the Council for the District of

Columbia enacted statutes that were unlawful and oversaw the enforcement of those unlawful

statutes." (Org. Comp. ¶ 70; GM Comp., ¶ 77).

## Argument

The conduct for which the Council Defendants have been named in the Complaints is

plainly protected by the legislative immunity codified in the District's Speech or Debate statute,

D.C. Code § 1-301.42.  The Speech or Debate Statute "'clothes D.C. City Council members with

immunity from lawsuits . . . for conduct undertaken in their legislative capacities.'"  *Dorsey v.*

*District of Columbia*, 917 A.2d 639, 643 (D.C. 2007) (quoting *Dominion Cogen, D.C., Inc. v.*

*District of Columbia*, 878 F. Supp. 258, 262 (D.D.C. 1995)).  It is modeled on the speech or

debate clause of the U.S. Constitution, and this Court "accordingly, look[s] to precedent

interpreting the U.S. Constitution's Speech or Debate Clause in construing the District's

analogous statute." *Gouse v. District of Columbia*, 359 F. Supp. 3d 51, 57 (D.D.C. 2019)

(citation omitted).  Like its federal analogue, the Speech or Debate Statute not only protects the

3

members of the Council, but it also immunizes the body as a whole. *See Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 733-34 (1980) (noting that legislature, as well as its committees and members, can successfully seek dismissal on grounds of legislative immunity). Moreover, it applies not only to claims of entitlement to damages, but also to claims seeking declaratory and injunctive relief. *See id*. at 732 & n.10 (recognizing that officials exercising legislative powers are entitled to legislative immunity from claims for injunctive and declaratory relief). Here, the only actions complained of with respect to the Council Defendants involve the enactment of legislation – core legislative conduct that falls within the heartland of the protections furnished by the Speech or Debate Statute.

Moreover, even if the Council Defendants were not protected by the Speech or Debate Statute, the Council Defendants are incapable of furnishing any of the relief identified by Plaintiffs in their respective Prayers for Relief. *See* SH Comp at 70-72; Org. Comp. at 65-68; GM Comp. at 70-73. Plaintiffs seek to enjoin the defendants from engaging in investigative and enforcement actions against them and to compel defendants to engage in certain administrative activities. By virtue of their positions in District government, however, the Council Defendants would have no role in conducting any such actions, as those powers are reserved exclusively to the executive branch. Moreover, given that the Council is itself a branch of District government and that Councilmember McDuffie has been named in his official capacity only, any damages award against the Council Defendants would only be obtainable from the District. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). Finally, none of the declaratory relief sought by Plaintiffs implicates the Council Defendants such that they, and not the District, should be named as defendants with respect to such relief.

February 7, 2025                    Respectfully submitted,

                                   NICOLE L. STREETER
                                   General Counsel
                                   nstreeter@dccouncil.gov

                                   /s/ Daniel P. Golden
                                   DANIEL P. GOLDEN (#489689)
                                   Deputy General Counsel
                                   Council of the District of Columbia
                                   1350 Pennsylvania Avenue N.W., Suite 4
                                   Washington, D.C. 20004
                                   (202) 724-8026
                                   (202) 724-8129 fax
                                   dgolden@dccouncil.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, the foregoing Notice of Anticipated Motion to

Dismiss Plaintiffs' Verified Amended Complaints electronically filed with the Clerk of Court for

the United States District Court for the District of Columbia using the CM/ECF system, which

will effectuate service on counsel for the other parties.

                                      Respectfully submitted,

                                      /s/ Daniel P. Golden