UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIANCE FOR RECREATIONAL CANNABIS ENTITIES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | **No. 1:24-cv-03164-ACR** |
| **THE SAFE HOUSE LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | **No. 1:24-cv-03532-ACR** |
| **ORGANIX LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | **No. 1:24-cv-03536-ACR** |
| **GREEN MAGIC LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*, | **No. 1:24-cv-03537-ACR** |

| | |
|---|---|
| Defendants. | |
| **ELEVATED TOURS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | No. 1:24-cv-03538-ACR |
| **AR LOGISTICS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | No. 1:24-cv-03539-ACR |

## JOINT STATUS REPORT

Pursuant to this Court's instructions during the March 25, 2025 Preliminary Injunction Motions Hearing, the Parties submit a status report.

## PLAINTIFFS' STATUS REPORT

Plaintiffs, Safe House, LLC, Green Magic LLC, Organix LLC, AR Logistics LLC, and Elevated Tours LLC, will dismiss their federal claims. A specific break down of the cases and the counts that will be dismissed are as follows:

1. The Safe House, LLC v. District of Columbia, et al. No. 1:24-cv-03532 will dismiss Counts 1, 2, 4, 5, 6, 7, 9, 11, 13, and any request for declaratory judgment related to violations of the Constitution.

2

2.  Organix LLC v. District of Columbia, et al. No. 1:24-cv-03536 will dismiss Counts 1, 2, 4, 5, 6, 7, 9, 11, 12, and any request for declaratory judgment related to violations of the Constitution.

3. Green Magic LLC v. District of Columbia, et al. No: 1:24-cv-03537 will dismiss Counts 1, 2, 4 ,5, 6, 7, 9, 11, 13, and any request for declaratory judgment related to violations of the Constitution.

4. Elevated Tours LLC v. District of Columbia, et al. No: 1:24-cv-03538 will dismiss Counts 1, 2, 4, 5, 6, 7, 8, 10, 14, and any request for declaratory judgment related to violations of the Constitution.

5. AR Logistics LLC v. District of Columbia, et al. No: 1:24-cv-03539 will dismiss Counts 1, 2, 4, 5, 6, 7, 8, 10, 14, and any request for declaratory judgment related to violations of the Constitution.

Plaintiff Alliance of Recreational Cannabis Entities LLC would encourage Defendants to file a motion to dismiss so the merits of the claims can be tested by the Court.

## DEFENDANTS' STATUS REPORT

In light of the Plaintiffs' plan to voluntarily dismiss most of their federal claims, described above, it appears that the cases brought by all of the Plaintiffs except Alliance for Recreational Cannabis Entities LLC (ARCE) should be remanded to Superior Court, and ARCE's case should be promptly dismissed for lack of subject matter jurisdiction.

If all of the Plaintiffs except ARCE dismiss all of their federal claims, the Defendants consent to the remand to Superior Court of the state law claims in *The Safe House, LLC v. District of Columbia, et al.*, Case No. 1:24-cv-03532; *Organix LLC v. District of Columbia, et al.*, Case No. 1:24-cv-03536; *Green Magic LLC v. District of Columbia, et al.*, Case No. 1:24-cv-

3

03537; *Elevated Tours LLC v. District of Columbia, et al.*, Case No. 1:24-cv-03538; and *AR Logistics LLC v. District of Columbia, et al.*, Case No. 1:24-cv-03539.

Further, Plaintiff ARCE's Complaint should be promptly dismissed because ARCE lacks standing to seek the relief requested in its Complaint. *See* Fed. R. Civ. Pr. 12(h)(3). As explained in District Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, ARCE seeks injunctive and declaratory relief only on behalf of its *unidentified* members. District Defs.' Opp'n [16] at 25–26; *see also* Pls.' Reply [24] at 13 (stating that "Plaintiffs identify specific members" but without citation to any such identification).[1] This is fatal to all its claims, because it means ARCE has no standing to seek any kind of relief. *See* Opp'n at 26 ("[A]n organization must 'identify members who have suffered the requisite harm' to satisfy the bedrock principle of standing. *Summers v. Earth Island Instit.*, 555 U.S. 488, 499 (2009)"); *Summers*, 555 U.S. at 499 (finding The Sierra Club could not show associational standing, despite alleging membership of 700,000, because it failed to "make specific allegations establishing that at least one *identified* member had suffered or would suffer harm") (emphasis added).

This also means this Court lacks subject matter jurisdiction over ARCE's claims, and the case should be promptly dismissed. *E.g.*, *Summers*, 555 U.S. at 492–93. The question has been fully briefed already. *See* Opp'n [16] *and* Reply [24]. And while Defendants are happy to work up those arguments again, they are jurisdictional in nature, and the Court can—and for efficiency's sake should—address them *sua sponte*. *E.g.*, *Summers*, 555 U.S. at 493; *Am. Library Ass'n v. FCC*, 401 F.3d 489, 492 (D.C. Cir. 2005) ("It is well established that a federal

---

[1] Plaintiffs also contend in their reply that ARCE as an organization has been forced to reallocate resources, Pls.' Reply at 13, but there are no corresponding allegations in the Complaint. *See generally* ARCE Complaint [1].

4

court cannot act in the absence of jurisdiction, and that jurisdictional issues may be raised by the court *sua sponte*." (internal citation omitted)); *Doe by Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) (explaining that jurisdiction "goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*"); *Bell v. United States Dep't of Health & Hum. Servs.*, 67 F. Supp. 3d 320, 325 (D.D.C. 2014) (dismissing case *sua sponte); Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (same), *aff'd*, 455 F. App'x 1 (D.C. Cir. 2011).

If all or some part of the Plaintiffs' claims remain after Plaintiffs have filed their anticipated voluntary dismissals, and/or if the Court would prefer further briefing related to Plaintiff ARCE's standing or substantive claims, Defendants respectfully request that the Court set a briefing schedule for a motion to dismiss, providing at least three weeks from the date of the order for District Defendants to prepare a motion.

Date: April 8, 2025.                                Respectfully Submitted,

                                                    BRIAN L. SCHWALB
                                                    Attorney General for the District of Columbia

                                                    STEPHANIE E. LITOS
                                                    Deputy Attorney General
                                                    Civil Litigation Division

                                                    */s/ Matthew R. Blecher*
                                                    MATTHEW R. BLECHER [1012957]
                                                    Chief, Equity Section, Civil Litigation Division

                                                    */s/ Honey Morton*
                                                    HONEY MORTON [1019878]
                                                    Assistant Chief, Equity Section

                                                    */s/ Helen M. Rave*
                                                    DAVID R. WASSERSTEIN [1736006]
                                                    HELEN M. RAVE [90003876]
                                                    MATEYA B. KELLEY [888219451]

>Assistant Attorneys General
>Equity Section
>400 Sixth Street, N.W., Suite 10100
>Washington, D.C. 20001
>Phone: (202) 735-7520
>Email: helen.rave@dc.gov
>
>*Counsel for Defendants District of Columbia, Mayor Muriel Bowser, the Office of the Mayor for the District of Columbia, Attorney General Schwalb, the Office of the Attorney General for the District of Columbia, the Department of Licensing and Consumer Protection, Tiffany Crowe, the Metropolitan Police Department, Pamela A. Smith, the Alcoholic Beverage and Cannabis Administration, and Fred Moosally*
>
>NICOLE L. STREETER (#462864)
>General Counsel
>nstreeter@dccouncil.us
>
>/s/ *Daniel P. Golden*
>DANIEL P. GOLDEN (#489689)
>Deputy General Counsel
>Council of the District of Columbia
>1350 Pennsylvania Avenue N.W., Suite 4
>Washington, D.C. 20004
>(202) 724-8026
>(202) 724-8129 fax
>dgolden@dccouncil.us
>
>*Counsel for Defendants Kenyan McDuffie and Council of the District of Columbia*
>
>/s/Jacobie Whitley, Esq.
>Jacobie Whitley, Esq.
>D.C. Bar 1500314
>Law Office of Jacobie K. Whitley, PLLC
>1455 Pennsylvania Avenue, N.W.
>Suite 400
>Washington, D.C. 20004
>Phone: (2020 499-2403
>jwhitley@lawofficeofjkw.com
>*Counsel for Plaintiffs*

/s/Lev Ivan Gabriel Iwashko
Lev Ivan Gabriel Iwashko, Esq.
DC Bar No. 1022054
The Iwashko Law Firm, PLLC
1250 Connecticut Ave., Suite 700
Washington, DC 20036
(202)441-5043
Lev@iwashkoLaw.com
Leviwashko@gmail.com
*Counsel for Plaintiffs*