UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance of Recreational Cannabis Entities, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al. <br><br> Defendants. | Case No.: 1:24-cv-03164-ACR |

**PLAINTIFF'S NOTICE OF OPPOSITION TO DEFENDANTS ANTICIPATED MOTION TO DISMISS**

Pursuant to the Court's Standing Order [27], Plaintiff Alliance for Recreational Cannabis Entities LLC ("Plaintiff") notifies the Court of the grounds for its opposition to Defendants' forthcoming motion to dismiss the Complaint.

**I. PLAINTIFF HAS STANDING TO BRING THIS ACTION**

An organization has representational standing if its members could sue in their own right, the interests are germane to the organization's purpose, and individual member participation is not required. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Plaintiff meets this test. First, Plaintiff's members, D.C. cannabis businesses, have suffered injury-in-fact through cease-and-desist orders, summary closures, and financial penalties. These injuries are traceable to Defendants' actions and redressable by the relief sought. Second, challenging the District's regulatory framework is germane to Plaintiff's purpose of advocating for its members' rights. Third, individual participation is not needed because Plaintiff seeks injunctive and declaratory relief, not member-specific damages. Unlike the plaintiff in *Summers v. Earth Island Institute*, who failed to identify any imminently harmed member, Plaintiff's members face

ongoing, concrete harm. All members have received cease-and-desist orders, and two were summarily closed, which establishes standing. ([1] Compl. ¶¶ 38-39). *See Abigail All. for Better Access to Developmental Drugs v. Eschenbach*, 469 F.3d 129, 132 (D.C. Cir. 2006)

## II. PLAINTIFF'S CLAIMS ARE LEGALLY SUFFICIENT

The Seventh Amendment preserves the right to a jury trial in government actions to collect civil penalties. See *Tull v. United States*, 481 U.S. 412, 422 (1987). The District's fines are punitive and deterrent-focused, a traditional legal remedy. ([1] Compl. ¶¶ 42-49). Additionally, the District's characterization of these businesses as "nuisances" implicates a common-law claim requiring a jury trial. ([1] Compl. ¶ 54-55). The administrative scheme unconstitutionally strips Plaintiff's members of their right to a jury trial. See *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024).

Procedurally, the ABC Board Chairman acts as both prosecutor and decisionmaker, creating an unacceptable risk of bias. ([1] Compl. ¶ 50, 66-67). *See Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Furthermore, the government's summary closure of businesses without a required pre-deprivation hearing is unconstitutional, as a post-deprivation hearing is insufficient. *See Fuentes v. Shevin*, 407 U.S. 67, 82 (1972).

Substantively, the District's prolonged non-enforcement after Initiative 71 created a de facto policy that fostered a protected property interest in continued operation. The abrupt shift via unprecedented emergency rulemaking, justified by pretextual safety concerns, was a "deliberate flouting of the law" that constitutes the "grave unfairness" substantive due process prevents. *See New Vision Photography Program, Inc. v. District of Columbia*, 54 F. Supp. 3d 12, 33 (D.D.C. 2014). This supports an equitable estoppel claim, as members reasonably relied on government inaction to their detriment. *See Flynn v. Interior Finishes, Inc.*, 425 F. Supp. 2d 38

(D.D.C. 2006). The District's licensing regime, which requires applicants to be incorporated in the District and gives preference to D.C. residents for social equity licenses, facially discriminates against interstate commerce. ([1] Compl. ¶¶ 91-94). This triggers a "virtually *per se* rule of invalidity." *See Or. Waste Sys., Inc. v. Dep't of Env't Quality of Or.*, 511 U.S. 93, 99 (1994).

Defendants incorrectly argue that the dormant Commerce Clause does not apply because cannabis is federally illegal under the Controlled Substances Act (CSA). The federal courts are split on this issue. The First Circuit has held that the dormant Commerce Clause applies to state cannabis markets, reasoning that the federal illegality of marijuana does not grant states a license to engage in economic protectionism. *Northeast Patients Grp. v. United Cannabis Patients & Caregivers of Me.*, 45 F.4th 542 (1st Cir. 2022). A minority of courts have held that the clause does not protect a federally illegal market. *See Peridot Tree WA Inc. v. City of Sacramento*, No. 2:22-cv-00289, 2024 U.S. Dist. LEXIS 212202 (E.D. Cal. Nov. 20, 2024). This Court should adopt the First Circuit's majority view, which correctly prevents the CSA from being used as a shield for unconstitutional state protectionism.

Plaintiff has stated valid claims for violations of its members' other constitutional rights. Regarding Equal Protection, the licensing scheme's preference for residents with prior drug-related offenses, not limited to marijuana, lacks a rational basis to remedy past discrimination in cannabis enforcement. ([1] Compl. ¶¶ 74-78); *See Vance v. Bradley*, 440 U.S. 93, 97-98 (1979). Concerning the Fourth Amendment, the statutes authorize warrantless, non-consensual searches of business premises, which are unreasonable business ABCA should not have authority to regulate Plaintiff's members. ([1] Compl. ¶¶ 184-187). *See New York v. Burger*, 482 U.S. 691, 702 (1987). As for the Fifth Amendment right against self-incrimination, the licensing

application required members to attest to prior cannabis transactions, compelling self-incrimination without a waiver of their constitutional rights. ([1] Compl. ¶¶ 156-159); *See United States v. Hubbell*, 530 U.S. 27, 35 (2000). The District's actions also implicate the Contracts Clause, as enforcement actions that pressure landlords to terminate leases with Plaintiff's members substantially impair existing contractual relationships without a legitimate public purpose. ([1] Compl. ¶¶ 164-167); *See Sveen v. Melin*, 584 U.S. 811, 819 (2018). Finally, under the Takings Clause, the summary closure of businesses and seizure of property without a prior hearing or compensation constitutes an unconstitutional taking because there was no ongoing public health, safety, or moral emergency. ([1] Compl. ¶¶ 146-150); *See Lech v. Jackson*, 791 F. App'x 711, 717 (10th Cir. 2019). The District has not provided evidenc of the source of ABCA's funding.

Plaintiff is not required to exhaust administrative remedies because it raises facial constitutional challenges to the District's statutes and regulatory scheme. Exhaustion is not a prerequisite to filing a § 1983 action in federal court. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). Furthermore, the administrative process is inadequate to adjudicate the constitutional claims raised, making exhaustion futile.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has demonstrated that it has standing and that its Complaint states multiple valid claims upon which relief can be granted. Plaintiff respectfully requests that the Court deny Defendants' anticipated motion to dismiss in its entirety.

Date: June 11, 2025                                    Respectfully submitted,

                                                       By: /s/Jacobie Whitley
                                                       Jacobie Whitley, Esq. (DC Bar #1500314)
                                                       Law Office of Jacobie K Whitley, PLLC

                      1455 Pennsylvania Avenue NW
                      Suite 400
                      Washington, DC 20004
                      Tel: (202) 499-2403
                      Fax: (202) 499-2402
                      Email: jwhitley@lawofficeofjkw.com
                      *Counsel for Plaintiff*